## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Timothy P. O'Laughlin, | Case No. 20-cv-2641 (SRN/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| FMC and Dr. Dionne Hart, Psychiatrist, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Timothy P. O'Laughlin's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff, a civil detainee committed to the custody of the federal government, did not pay the filing fee for this action; instead, he filed an application seeking permission to proceed in forma pauperis ("IFP"). [Docket No. 2]. That IFP application is now before the Court and must be considered before any other matter may be considered in this case.

After review, this Court concludes that Plaintiff qualifies financially for IFP status. That said, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be

1

detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff's pleading does not contain a great deal of detail; the only substantive factual allegation presented in the complaint is that an unspecified person (presumably Defendant Dionne Hart, the lone named individual defendant) "failed to report a PREA Act violation." (Compl. [Docket No. 1], at 5). Plaintiff's allegation that a violation of the PREA, the Prison Rape Elimination Act, 34 U.S.C. §§ 30301-30309, was committed is entirely conclusory; nowhere does Plaintiff allege how, exactly, the PREA was violated. In any event, "it is well established that the PREA does not provide a private right of action, so Plaintiff cannot sue the Defendants for alleged PREA violations." See, Evenstad v. Schnell, No. 20-CV-0864 (SRN/LIB), 2020 WL 3806147, at *2 n.2 (D. Minn. May 14, 2020) (collecting cases); Krieg v. Steele, 599 Fed. App'x 231, 232–33 (5th Cir. 2015) (per curiam) (same). Plaintiff simply cannot proceed on claims raised pursuant to the PREA.

Plaintiff also states that he seeks release from civil commitment and asks that the litigation that gave rise to his commitment be dropped. (Compl. [Docket No. 1], at 6. Again, though, Plaintiff does not allege the factual basis upon which he seeks to have his commitment invalidated.[1] This Court cannot say from the pleading why Plaintiff believes his ongoing detention to be unlawful.

---

[1] Plaintiff's challenge to his civil commitment is more appropriately brought either as a motion pursuant to 18 U.S.C. § 4247 in the district where commitment was ordered or as a petition for a writ of habeas corpus, not in a civil lawsuit. Even if Plaintiff's pleading were liberally interpreted as a habeas corpus petition, however, dismissal would be

2

Finally, Plaintiff has submitted supplements to his pleading which raise an unrelated allegation that he has been involuntarily medicated without a court order. [Docket Nos. 3, 5]. Again, the allegation is entirely lacking in detail, consisting of only a single sentence in each supplement. Id. Contrary to what Plaintiff suggests, not all uses of involuntary medication are unlawful absent a specific court order directing the use of medication. See, e.g., United States v. McAllister, 969 F. Supp. 1200, 1204-08 (D. Minn. 1997). Taken by itself, then, Plaintiff's allegation that he has been involuntarily medicated does not suffice to state a claim on which relief may be granted.

In short, Plaintiff has not pleaded a viable basis for relief. Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to § 1915(e)(2)(B).

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. The application to proceed in forma pauperis of Plaintiff Timothy P. O'Laughlin, [Docket No. 2], be **DENIED**.


Dated: February 1, 2021         s/ Leo I. Brisbois
                                Leo I. Brisbois
                                United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

---

recommended on the basis that Plaintiff has failed to allege facts that, if proved, would establish that his commitment is unlawful.

4

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).