**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Timothy P. O'Laughlin,<br><br>Plaintiff,<br><br>v.<br><br>FMC and Dr. Dionne Hart,<br><br>Defendants. | Case No. 20-cv-02641 (SRN/LIB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Timothy P. O'Laughlin, Reg. No. 27778-044, FMC-Rochester, PMB 4000, Rochester, MN 55903, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Timothy P. O'Laughlin's Objections [Doc. No. 11] to Magistrate Judge Leo Brisbois's February 1, 2021 Report and Recommendation ("R&R") [Doc. No. 6]. The Magistrate Judge recommended that the application to proceed *in forma pauperis* ("IFP Application") [Doc. No. 2] be denied and that this action be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

Since the R&R was filed, O'Laughlin has filed supplemental motions, requesting: (1) that the Court cease his involuntary medication regimen; (2) unconditional release from civil commitment; and (3) that certain unspecified criminal charges be dismissed.[1] He has

---

[1] *See* Req. for a Stay [Doc. No. 7]; Mot. for Summ. J. [Doc. No. 8]; Supp. to Mot. for Summ. J. [Doc. No. 9]; Mot. for Summ. J. [Doc. No. 10]; Brief [Doc. No. 12]; and Letters to the Court [Doc. Nos. 13, 14, 15].

1

also filed a Petition for a Writ of Mandamus requesting that the Eighth Circuit Court of Appeals direct this Court to issue a ruling in this case [Doc. No. 16]. For the reasons set forth below, O'Laughlin's Objections are overruled, the Court adopts the R&R in its entirety, dismisses this action without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, denies as moot his IFP Application, denies as moot his Request for a Stay, denies as moot his Motions for Summary Judgment, and denies as moot his Petition for a Writ of Mandamus.

## I. BACKGROUND

O'Laughlin is subject to a civil commitment order and is being housed at FMC Rochester. *See BOP Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited May 26, 2021). In his Complaint For Violation of Civil Rights Under 42 U.S.C. § 1983 [Doc. No. 1], he alleges that the defendants violated his rights by failing to report a violation of the Prison Rape Elimination Act ("PREA"). (*Id.* at 6.)

In the R&R, Magistrate Judge Brisbois determined that, although O'Laughlin qualifies financially for IFP status, he nevertheless fails to state a claim upon which relief can be granted. (*See* R&R at 1-3.) He notes that O'Laughlin's allegation of a PREA violation is conclusory and unsupported by any factual allegations. (*Id.* at 2.) Further, he explains that the PREA does not provide for a private right of action, and so O'Laughlin cannot sue the defendants under that statute. (*Id.*) The Magistrate Judge further notes that O'Laughlin has requested release, but has not alleged any factual or legal basis to support this request. (*Id.*) Finally, the Magistrate Judge notes that O'Laughlin's allegations that he

2

has been involuntarily medicated without a court order do not necessarily give rise to an actionable claim because not all uses of involuntary medication are unlawful absent a specific court order. (*Id.* at 3.)

## II. DISCUSSION

The district court must conduct a de novo review of the portions of a magistrate judge's report and recommendation to which specific objections have been made. Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). In his objections, O'Laughlin attempts to articulate a factual basis for his PREA claim. (*See* Objs. at 1.) He alleges that another inmate "sexually solicit[ed]" him, engaged in unwanted contact, and later punched him several times. (*Id.*) He contends that prison officials had an obligation to report this conduct under the PREA and failed to do so. (*Id.* at 2.)

Where a litigant has filed an application to proceed without paying fees or costs, the district court may dismiss the complaint if it determines that the action fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Here, the Complaint fails to state a claim under the PREA because the PREA does not provide for a private right of action. (R&R at 2 (citing *Evenstad v. Schnell*, No. 20-CV-0864 (SRN/LIB), 2020 WL 3806147, at *2 n.2 (D. Minn. May 14, 2020); *Krieg v. Steele*, 599 Fed. App'x 231, 232-33 (5th Cir. 2015) (per curiam)).) Consequently, O'Laughlin fails to state a claim upon which relief can be granted.

O'Laughlin also contends that he should be released. However, he provides no legal basis for his contention that his civil commitment is invalid. Further, as the Magistrate Judge observed, a challenge to his civil commitment would be more appropriately brought

3

as a motion under 18 U.S.C. § 4247 or by way of a petition for a writ of habeas corpus. (*See* R&R at 2-3 n.1.)

Finally, O'Laughlin contends that he has been involuntarily medicated without a court order and requests that this regimen be stopped. As the Magistrate Judge noted, a court order permitting the involuntary administration of medication is not always required before medication may be administered involuntarily. (R&R at 3 (citing *United States v. McAllister*, 969 F. Supp. 1200, 1204-08 (D. Minn. 1997)); *see Green v. Dormire*, 691 F.3d 917, 922-24 (8th Cir. 2012).)[2]

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objections [Doc. No. 11] to the Report and Recommendation are **OVERRULED**;

2. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. No. 6] in its entirety;

3. This matter is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B);

4. Plaintiff's application to proceed *in forma pauperis* [Doc. No. 2] is **DENIED as moot**;

---

[2] In light of the fact that O'Laughlin fails to state a claim under the PREA, his Request for a Stay and Motions for Summary Judgment are denied as moot. Similarly, his Petition for a Writ of Mandamus is also denied as moot.

5. Plaintiff's Request for a Stay [Doc. No. 7] is **DENIED as moot**;

6. Plaintiff's Motions for Summary Judgment [Doc. Nos. 8, 10] are **DENIED as moot**; and

7. Plaintiff's Petition for a Writ of Mandamus [Doc. No. 16] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 26, 2021
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge